## Gentile v. Silberman

Before Hoban, P. J., Eagen and Robinson, JJ.

*Walter L. Hill, Jr.,* for plaintiff.

*J. Julius Levy* and *James W. Scanlon,* for defendant.

HOBAN, P. J., February 20, 1952.—The complaint is in trespass for personal injuries resulting from an automobile accident alleged to have been cause by negligence of defendant. Defendant filed an answer averring that the matters in controversy had been determined by a settlement in the case of Silberman v. Gentile, the same parties, to November term, 1948, no. 444; that accordingly after a discontinuance in that case plaintiff herein is estopped from prosecuting this action and the judgment of discontinuance made

the matter res judicata. Plaintiff filed preliminary objections to the answer raising these questions:

1. That the answer presented affirmative defenses not pleaded as new matter as required by Pa. R. C. P. 1030.

2. That the answer was argumentative.

3. That the answer failed to set forth the time, place and parties to the alleged settlement and that the answer failed to set forth the terms of the settlement.

These objections were argued before the court en banc on February 11, 1952, at which time counsel for defendant gave notice that he intended to file an amended answer.

The amended answer was filed on February 13th and in our opinion cures the difficulties raised by preliminary objections.

Without answering the trespass allegations the answer pleads as new matter:

(a) An action in this court to November term, 1948, no. 444, in which Barbara Silberman was a plaintiff and Gentile was defendant, incorporating the pleadings, orders and docket entries therein by reference.

(b) That the action to November term, 1948, no. 444, grew out of the same cause of action as the case at bar, that in that action plaintiffs therein were represented by J. Julius Levy, Esq., now one of record counsel for defendant here, and that Frank M. Walsh, Esq., represented Gentile.

(c) That the action to November term, 1948, no. 444, was settled between the parties thereto and that the settlement, because it affected the rights of Barbara Silberman, a minor, was approved by the court.

(d) That the settlement as above stated operated to estop Gentile as plaintiff from pursuing this action.

(e) That the settlement and discontinuance as approved by court operates as res judicata as to the subject matter of this action.

By reference to the record and files in November term, 1948, no. 444, the time, place and parties to the settlement, and its terms are sufficiently set forth, and the defenses of estoppel and res judicata are pleaded as affirmative defenses. The preliminary objections will therefore be dismissed and the plaintiff permitted to plead over.

At the oral argument, however, considerable discussion took place as to the merits of the pleas of estoppel and res judicata. We think the discussion was premature, particularly as the question was raised as to the effect on Gentile's right to sue after a settlement arranged and made by his insurance carrier rather than by himself. So far as the record of the prior case discloses, the action was between Barbara Silberman, a minor, and her father as plaintiffs and Gentile as defendant, and the settlement "between the parties" as approved conveyed no indication of the interest or intervention of an insurance carrier with or without the consent of Gentile.

If plaintiff now deems such information material, he may plead it in his reply to "new matter" of the amended answer. But until a responsive reply is filed to the amended answer the factual situation upon which the pleas of estoppel and res judicata must rest is not to be taken as admitted, denied or avoided. When the reply is filed, the pleadings are closed, and the case is ripe for motions for judgment on the pleadings by either side, or the substantive questions may be raised at trial.

Now, February 20, 1952, the preliminary objections to defendant's answer are dismissed, plaintiff to plead over in 20 days.